IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JESSIE LEE BROWN, | : | |
| | : | |
| Plaintiff, | : | NO. 4:26-CV-00481-TES-CHW |
| VS. | : | |
| | : | |
| Medical Director MOBLEY, | : | |
| Judge CLAY D. LAND, | : | |
| Warden BOB TROMBLEY, | : | |
| Sheriff GREG COUNTRYMAN, | : | |
| | : | |
| Defendants. | : | |

## DISMISSAL ORDER

*Pro se* Plaintiff Jessie Lee Brown, an inmate incarcerated at the Muscogee County Jail in Columbus, Georgia, has filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis*. ECF No. 2. However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and this complaint is **DISMISSED without prejudice** for the reasons set forth below.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis:*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.* The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed more than forty prior federal lawsuits and at least three of his complaints have been dismissed as frivolous or malicious or for failure to state a claim.[1]  *See, e.g.,* Order Dismissing Compl.,

---

[1] The Georgia Department of Corrections online offender query system shows that Plaintiff spells his first name both as "Jessie" and as "Jesse" and that he has other aliases as well. https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (searched "Brown, Jessie") (last visited Apr. 14, 2026) (showing known aliases include "Brown, Jesse Lee," Brown, Jessie Lee," and "Brown, Jessie A."). The Court has confirmed that Plaintiff has filed cases under the first names "Jesse" and "Jessie" by cross-referencing PACER records with Plaintiff's Georgia Department of Corrections identification

*Brown v. Abbot*, ECF No. 22 in Case No. 4:03-cv-00108-BAE (S.D. Ga. June 1, 2004) (dismissing pursuant to 28 U.S.C. § 1915A(b)(1)); Order Dismissing Compl., *Brown v. McLane*, ECF No. 4 in Case No. 7:03-cv-00101-HL-RLH (M.D. Ga. Jan. 13, 2004) (dismissing as frivolous); Order on Mot. Recons., *Brown v. Nix*, ECF No. 12 in Case No. 7:03-cv-00098-HL-RLH (M.D. Ga. Jan. 6, 2004) (dismissing as frivolous and pursuant to 28 U.S.C. § 1915(g)); Order Dismissing Compl., *Brown v. Nance*, ECF No. 6 in Case No. 4:01-cv-00127-HL (M.D. Ga. Oct. 19, 2001) (adopting recommendation to dismiss for failure to state claim);   *Brown v. Lynch*, ECF No. 8 in Case No. 4:24-cv-00158-CDL (M.D. Ga. Feb. 21, 2025) (adopting recommendation to dismiss under §1915A(b)(1) as malicious for abuse of the judicial process and under §1915(g) three strikes provision);   *Brown v. Mitchell*, ECF No. 24 in Case No. 4:24-cv-00144-CDL (M.D. Ga. Mar. 14, 2025) (same); *Brown v. Countryman*, ECF No. 7 in Case No. 4:25-cv-00276-CDL (M.D. Ga. Dec. 22, 2025) (adopting recommendation to dismiss under §1915A(b)(1) for failure to state a claim and under §1915(g) three strikes provision).

Additionally, Plaintiff has been identified as having three strikes in multiple other federal lawsuits where he was denied leave to proceed *in forma pauperis* under § 1915(g) and the cases were dismissed.  *See, e.g.*, *Brown v. Ezell*, Case No. 4:06-cv-00121-CDL (M.D. Ga. Oct. 23, 2006); *Brown v. Stracker*, Case No. 4:12-cv-00260 (M.D. Ga. Oct. 3, 2012); *Brown*

---

numbers, Georgia Department of Corrections case numbers, and Muscogee County Sheriff's Office online jail records.  *See id.*;  https://portal-gamuscogee.tylertech.cloud/app/JailSearch/#/search (searched "Jessie Brown") (last visited Apr. 14, 2026).

*v. Owens*, Case No. 1:14-cv-00177 (S.D. Ga. Nov. 10, 2014); *Brown v. Owens*, Case No. 7:14-cv-00170 (M.D. Ga. Dec. 5, 2014); *Brown v. Lynch*, Case No. 4:20-cv-00053 (M.D. Ga. Sep. 30, 2020); *Brown v. Thomas*, Case No. 4:20-cv-00098 (M.D. Ga. Jan. 14, 2021); *Brown v. Kemp*, Case No. 4:25-cv-00037 (M.D. Ga. Mar. 25, 2025); *Brown v. Darington*, Case No. 4:25-cv-00253 (M.D. Ga. Jan. 5, 2026).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff vaguely and conclusively contends that there is a conspiracy among United States District Court Judge Clay Land and Muscogee County Jail officials including Medical Director Mobley, Warden Trombley, and Sheriff Countryman to

4

deny him appointments with the medical department at the Muscogee County jail. ECF No. 1 at 7-8.  Plaintiff also alleges that Judge Land is conspiring with Medical Director Mobley as to cell assignments and cell conditions for Muscogee County jail inmates as well as denying him access to the courts.  ECF No. 1-1 at 6-7.  Plaintiff's Complaint does not offer any details as to when or how an agreement was reached among the Defendants to deny him medical appointments, to assign inmates into cells at the Muscogee County jail, or to deny him access to the courts.  *See* ECF No. 1 at 7-11; ECF No. 1-1 at 6-8.

When a claim is rooted in allegations of a conspiracy as Plaintiff's claims are, "[i]t is not enough to simply aver in the complaint that a conspiracy existed."  *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).  To state a conspiracy claim under § 1983, a plaintiff must (1) show that the defendants had a "meeting of the minds" or reached an understanding to violate his rights and (2) prove an actionable wrong to support the conspiracy.  *Bailey v. Bd. of Cnty. Comm'rs of Alachua County, Fla.*, 956 F.2d 1112, 1122 (11th Cir.1992).  Furthermore, "[f]or purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the [Defendants]."  *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).  Thus, the "naked assertion of a conspiracy ... without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability.  *Phillips v.*

5

*Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984).

Furthermore, to qualify for the imminent danger exception, a prisoner must allege specific facts, as opposed to "'general assertion[s],'" that describe an "'ongoing serious physical injury or [] a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (citation omitted). "[T]he issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Id.* Here, Plaintiff's allegations of a conspiracy to endanger his health are vague, conclusory and unsupported by facts and thus he fails to state a viable § 1983 claim much less show an imminent danger of serious physical injury. *See Medberry*, 185 F.3d at 1193 (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger"); *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, at *3 (N.D. Fla. July 5, 2023) ("[G]eneralized references to being in danger or being subject to abuse, . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger."); *Jones v Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015) (holding that although *pro se* parties are held to a less stringent pleading standard than represented parties, they must still plead "at least some factual support for a claim; it is not enough just to invoke a legal theory

6

devoid of any factual basis" and that "legal conclusions" do not have to be accepted as true.) (citations omitted); *Grider v. Cook*, 590 F. App'x 876, 881 (11th Cir. 2014) (per curiam) (plaintiff failed to state a conspiracy claim where he made only "threadbare recitals of the agreement element of conspiracy" and failed to identify "even generally" any "date, time, or location" where the agreement occurred). Accordingly, Plaintiff does not qualify for the imminent danger exception to § 1915(g) that would permit him to proceed *in forma pauperis* despite having three strikes and this complaint is **DISMISSED WITHOUT PREJUDICE**.[2]

      **SO ORDERED**, this 14th day of April, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status and that the filing fee must be paid at the time the suit is initiated. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full filing fee. *See also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)).